**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**

| | |
|---|---|
| **KERRY HODGE, JESSICA CANNON, JOLANDA KING, and DON MCGEE,**<br><br>*Plaintiffs,*<br><br>**v.**<br><br>**AHS MANAGEMENT COMPANY, INC.**<br><br>*Defendant.* | **Civil Action No.: 3:23-cv-01308** |

## ORDER

The above-captioned class action is pending in this Court ("Action"); Plaintiffs Kerry Hodge, Jessica Cannon, Jolanda King, Don McGee, and Michael Epperson, individually, and on behalf of all similarly situated persons ("Plaintiffs") and AHS Management Company, Inc. d/b/a Ardent Health Services ("AHS" or "Defendant") have entered into a Settlement Agreement ("Settlement Agreement") that provides for dismissal with prejudice of the claims against Defendant pursuant to the Settlement Agreement. Plaintiffs have filed a motion (Doc. No. 57), pursuant to Rule 23 of the Federal Rules of Civil Procedure, for an order preliminarily approving the Settlement Agreement, certifying the Settlement Class for purposes of settlement only, appointing Plaintiffs as Class Representatives, appointing Class Counsel as counsel for the Settlement Class, appointing Simpluris, Inc. as Settlement Administrator, and allowing notice to Settlement Class Members.

The Court has considered the Plaintiffs' motion, Settlement Agreement and the entire record. The motion is **GRANTED**.

The Court rules as follows.[1]

1.     **Jurisdiction**. The Court, pursuant to 28 U.S.C. § 1332, has jurisdiction over the Litigation, Plaintiffs, Class Members, Defendant, and any party to any agreement that is part of or related to the Settlement Agreement.

2.     **<u>Class Certification for Settlement Purposes Only</u>**. For settlement purposes only and pursuant to Fed. R. Civ. P. 23(b)(3) and (e), the Court certifies, solely for purposes of effectuating the proposed Settlement, a Settlement Class in this matter defined as follows:

> all natural persons residing in the United States who were sent notice that their Private Information was potentially impacted in the Data Incident.

The Settlement Class includes approximately 38,361 people. The Settlement Class specifically excludes: (i) Defendant and its officers and directors; (ii) all Persons who timely and validly request exclusion from the Class; and (iii) the Judge and the Judge's staff assigned to evaluate the fairness of this settlement.

3.     **<u>Class Findings</u>**. The Court provisionally finds, for settlement purposes only, that: (a) the Settlement Class is so numerous that joinder of all Settlement Class Members would be impracticable; (b) there are issues of law and fact common to the Settlement Class; (c) the claims of the Class Representatives are typical of and arise from the same operative facts and seek similar relief as the claims of the Settlement Class Members; (d) the Class Representatives and Settlement Class Counsel will fairly and adequately protect the interests of the Settlement Class as the Class Representatives, who have no interests antagonistic to or in conflict with the Settlement Class and have retained experienced and competent counsel to prosecute this matter on behalf of the Settlement Class; (e) questions of law or fact common to Settlement Class Members predominate over any questions affecting only individual members; and (f) a class action and class settlement is

---

[1] The capitalized terms herein shall have the same meaning as they have in the Settlement Agreement.

superior to other methods available for a fair and efficient resolution of this controversy.

4. **<u>Class Representatives and Settlement Class Counsel</u>**. Plaintiffs Kerry Hodge, Jessica Cannon, Jolanda King, Don McGee, and Michael Epperson are provisionally designated and appointed as Class Representatives. The Court provisionally finds that, for settlement purposes only, the Class Representatives are similarly situated to absent Settlement Class Members and therefore typical of the Settlement Class and that they will be adequate Class Representatives. The Court further finds that Gary Mason and Lisa White of Mason LLP, Ken Grunfeld of Kopelowitz Ostrow Ferguson Weiselberg Gilberg, and Kevin Laukaitis of Laukaitis Law LLC are experienced and adequate counsel and are provisionally designated as Settlement Class Counsel.

5. **<u>Preliminary Settlement Approval</u>**. The Court preliminarily approves the Settlement, as embodied in the Settlement Agreement, as being fair, reasonable and adequate to the Settlement Class, subject to further consideration at the Final Approval Hearing to be conducted as described below. Pursuant to Rule 23(e)(1) of the Federal Rules of Civil Procedure, the Parties have shown that the Court will likely be able to approve the proposal under Rule 23(e)(2), which requires the Court to consider the following factors in determining whether a proposed settlement is fair, reasonable, and adequate:

(a) have the class representatives and class counsel adequately represented the class;

(b) was the proposal negotiated at arm's length;

(c) is the relief provided for the class adequate, taking into account:

(i) the costs, risks, and delay of trial and appeal;

(ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;

(iii) the terms of any proposed award of attorneys' fees, including timing of payment; and

(iv) any agreement required to be identified under Rule 23(e)(3); and

(d) does the proposal treat class members equitably relative to each other.

Solely for the purposes of preliminary approval, the Court finds: (a) Plaintiffs and Plaintiffs' Counsel have adequately represented the Settlement Class; (b) the Settlement is the result of arm's length negotiations conducted between experienced counsel; (c) the relief provided is adequate when considering (i) the substantial costs, risks, and delay of continued litigation, (ii) the proposed method for processing Settlement Class Members' claims and distributing relief to eligible claimants is standard in data security class action settlements and has been found to be effective in these types of settlements, and (iii) the conditions under which the Parties may terminate the Settlement is standard and has no negative impact on the fairness of the Settlement; and (d) the Settlement treats Settlement Class Members equitably relative to one another.

6. **<u>Final Approval Hearing</u>**. A Final Approval Hearing shall be held **at 1:00 p.m. on August 1, 2025**, in the United States District Court for the Middle District of Tennessee, at the Fred D. Thompson U.S. Courthouse and Federal Building, 719 Church Street, Suite 1300, Nashville, TN 37203 for the following purposes: (a) to determine whether the proposed Settlement on the terms and conditions provided for in the Settlement Agreement is fair, reasonable and adequate to the Settlement Class; (b) to determine whether a Judgment should be entered dismissing the Action with prejudice against Defendant; (c) to determine whether Plaintiffs' motion for fees, costs and an incentive award should be approved; and (d) to consider any other matters that may be properly brought before the Court in connection with the Settlement. Notice of the Settlement and the Final Approval Hearing shall be given to the Settlement Class Members as set forth in Paragraph 8 of this Order.

7.      The Court may adjourn the Final Approval Hearing without further notice to the Settlement Class Members and may approve the proposed Settlement with such modifications as the Parties may agree to, if appropriate, without further notice to the Settlement Class Members.

8.      **Retention of Settlement Administrator and Manner of Giving Notice.** The Parties are authorized to retain Simpluris, Inc. ("Settlement Administrator") to supervise and administer the notice procedure in connection with the proposed Settlement as well as the processing of Claims as set for more fully below. Notice of the Settlement and the Final Approval Hearing shall be given as follows:

(e)     Within fourteen (14) days of this Order, Defendant shall provide the Settlement Class List to the Settlement Administrator;

(f)     Within sixty (60) days of this Order, the Settlement Administrator shall issue Notice to the Settlement Class Members in the manner set forth in the Settlement Agreement; and

(g)     Prior to the dissemination of the Notice, the Settlement Administrator shall establish the Settlement Website as set forth in the Settlement Agreement.

9.      **Approval of Form and Content of Notice**. The Court (a) approves, as to form and content, the Claim Form, the Long Notice, and the Short Notice, attached to the Settlement Agreement as Exhibits A, B, and C, (Doc. No. 58-2) and (b) finds that the Notice provided to Settlement Class Members as set forth in the Settlement Agreement (i) is the best notice practicable under the circumstances; (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise the Settlement Class Members of the pendency of the Action, of the effect of the proposed Settlement (including the releases to be provided thereunder), of Class Counsel's request for Fee Award and Costs, of Class Representatives' request for an Incentive Award Payment, of their right to object to the Settlement, Class Counsel's request for Fee Award and Costs, and/or Class Representatives' request for an Incentive Award Payment, of their right to

5

exclude themselves from the Settlement Class, and of their right to appear at the Final Fairness Hearing; (iii) constitutes due, adequate and sufficient notice to all persons entitled to receive notice of the proposed Settlement; and (iv) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and all other applicable law and rules. The date and time of the Final Fairness Hearing shall be included in the Notice before it is distributed.

10.     **Participation in the Settlement**. Settlement Class Members who qualify for and wish to submit a Claim Form shall do so in accordance with the requirements and procedures specified in the Notice and the Claim Form and must do so within ninety (90) days after the Notice Date. If a Final Approval Order and Judgment is entered, all Settlement Class Members who do not submit a claim in accordance with the requirements and procedures specified in the Notice and the Claim Form shall be forever barred from receiving any such benefit, but will in all other respects be subject to and bound by the provisions in the Settlement Agreement, the Release included in that Settlement Agreement, and the Final Approval Order and Judgment.

11.     **Claims Process and Distribution and Allocation Plan**. The Parties have created a process for assessing and determining the validity and value of claims and a payment methodology to Settlement Class Members who submit a timely, valid Claim Form. The Court preliminarily approves the claims process described in the Settlement Agreement and directs that the Settlement Administrator effectuate the distribution of Settlement consideration according to the terms of the Settlement Agreement, should the Settlement be finally approved.

12.     **Exclusion from Class**. Any Settlement Class Member who wishes to be excluded from the Settlement Class must mail a written notification of the intent to exclude himself or herself from the Settlement Class to the Settlement Administrator at the address provided in the Notice,

6

postmarked no later than **60 Days after the Notice Date** ("Request for Exclusion Date"). The written notification must include the name of the proceeding, the individual's full name, current address, personal signature, and the words "Request for Exclusion" or a comparable statement that the individual does not wish to participate in the Settlement at the top of the communication.

Any Settlement Class Member who does not timely and validly exclude himself or herself from the Settlement shall be bound by the terms of the Settlement Agreement. If a Final Approval Order and Judgment is entered, any Settlement Class Member who has not submitted a timely, valid written notice of exclusion from the Settlement Class shall be bound by all proceedings, orders, and judgments in this matter. This includes but is not limited to the Release set forth in the Final Approval Order and Judgment, including Settlement Class Members who have previously initiated or who subsequently initiate any litigation against any or all of the Released Parties relating to the Released Claims. All Settlement Class Members who submit valid and timely notices of exclusion from the Settlement Class shall not be entitled to receive any benefits under the Settlement.

13. **<u>Objections and Appearances</u>**. No Settlement Class Member shall be heard, and no papers, briefs, pleadings, or other documents submitted by any Settlement Class Member shall be received and considered by the Court, unless the objection is filed with the Clerk of Court and served concurrently on Class Counsel and counsel for Defendant no later than **60 Days after the Notice Date** ("Objection Date") as specified in the Notice and Section 12 of the Settlement Agreement. For an objection to be considered by the Court, the objection must also include all of the information set forth in Paragraph 12.2 of the Settlement Agreement, which is as follows: (i) the objector's full name, current address, current telephone number, and e-mail address (if any); (ii) information identifying the objector as a Class Member, including proof that the objector is a

member of the Class (*e.g.*, copy of notice, copy of original notice of the Data Incident); (iii) a written statement of all grounds for the objection, accompanied by any legal support for the objection the objector believes applicable, along with copies of any documents that the objector wishes to submit in support of his/her position; (iv) the identity of any and all counsel representing the objector in connection with the objection; (v) a statement as to whether the objector and/or his or her counsel will appear at the Final Approval Hearing; (vi) the objector's personal signature and/or the signature of the objector's duly authorized attorney or other duly authorized representative (along with documentation setting forth such representation); and (vii) a list, by case name, court, and docket number, of all other cases in which the objector and/or the objector's counsel has filed an objection to any proposed class action settlement within the last three (3) years.

14. Any Settlement Class Member who fails to comply with the provisions in Section 12 of the Settlement Agreement may waive and forfeit any and all rights he or she may have to object, and shall be bound by all the terms of the Settlement Agreement, this Order, and by all proceedings, orders, and judgments in this matter, including, but not limited to, the release in the Settlement Agreement if a Final Approval Order and Judgment is entered. If a Final Approval Order and Judgment is entered, any Settlement Class Member who fails to object in the manner prescribed herein shall be deemed to have waived his or her objections and shall be forever barred from making any such objections in this Action or in any other proceeding or from challenging or opposing, or seeking to reverse, vacate, or modify any approval of the Settlement Agreement, the motion for an Incentive Award Payment, or the motion for Fee Award and Costs.

15. **Termination of Settlement**. This Order shall become null and void and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective

positions existing as of the date of the execution of the Settlement Agreement, if the Settlement is not finally approved by the Court or is terminated in accordance with the Settlement Agreement. In such event, the Settlement and Settlement Agreement shall become null and void and be of no further force and effect, and neither the Settlement Agreement nor the Court's orders, including this Order, relating to the Settlement shall be used or referred to for any purpose whatsoever.

16. **Use of Order**. This Order shall be of no force or effect if a Final Approval Order and Judgment is not entered or there is no Effective Date and shall not be construed or used as an admission, concession, or declaration by or against Defendant of any fault, wrongdoing, breach, liability, or the certifiability of any class. Nor shall this Order be construed or used as an admission, concession, or declaration by or against the Settlement Class Representatives or any other Settlement Class Member that his or her claim lacks merit or that the relief requested is inappropriate, improper, unavailable, or as a waiver by any Party of any defense or claim he or she may have in this litigation or in any other lawsuit.

17. **Stay of Proceedings and Temporary Injunction**. The Court stays all proceedings in the Action other than proceedings necessary to carry out or enforce the terms and conditions of the Settlement Agreement. Pending final determination of whether the Settlement should be approved, the Court bars and enjoins Plaintiffs, and all other members of the Settlement Class, from commencing or prosecuting any and all of the Released Claims against the Released Entities.

18. The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

19. **Summary of Deadlines**. The preliminarily approved Settlement shall be administered according to its terms pending the Final Fairness Hearing. Deadlines arising under the Settlement Agreement and this Order include but are not limited to:

9

| From Order Granting Preliminary Approval | |
|---|---|
| Notice Date | 60 days after entry of preliminary approval order |
| Class Counsel's Motion for Attorneys' Fees, Costs, and Expenses, and Class Representative Incentive Award | 14 days before the Request for Exclusion and Objection Dates |
| Objection Date | 60 days after Notice Date |
| Request for Exclusion Date | 60 days after Notice Date |
| Exclusion List to Class Counsel and Defendant's Counsel | 7 days after Request for Exclusion Date |
| Claims Deadline | 90 days after Notice Date |
| <u>Final Approval Hearing</u> | **August 1, 2025, at 1:00 p.m. (CST)** |
| Motion for Final Approval | 14 days before the Final Fairness Hearing |
| Effective Date | 31 days after Order granting Final Approval, assuming no appeals have been filed. If an appeal is file, 31 days from when the appeal is decided and a Judgment is entered. |
| Payment of Attorneys' Fees, Expenses, and Class Representative Incentive Award | 30 days after Effective Date |
| Payment of Claims Postmarked and Mailed to Class Members | 60 days after Effective Date |
| Settlement Website and IVR Line Deactivation | 180 days after Effective Date |

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE

Case 3:23-cv-01308    Document 59    Filed 10/09/24    Page 10 of 10 PageID #: 652