UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| KERRY HODGE, JESSICA CANNON, JOLANDA KING, DON MCGEE, and MICHAEL EPPERSON,<br><br>*Plaintiffs,*<br><br>v.<br><br>AHS MANAGEMENT COMPANY, INC.<br><br>*Defendant.* | Civil Action No.: 3:23-cv-01308 |

## FINAL ORDER AND JUDGMENT

This case arises from a November 2023 data security incident. Plaintiffs Kerry Hodge, Jessica Cannon, Jolanda King, Don McGee, and Michael Epperson ("Plaintiffs" or "Settlement Class Representatives") and Defendants AHS Management Company, Inc. d/b/a Ardent Health Services ("AHS" or "Defendant") have entered a Settlement Agreement resolving all claims and Plaintiffs have filed a Motion for Final Approval of the Settlement, (Doc. No. 65), which is not opposed by the Defendant.

The Court entered an Order of preliminary approval (Doc. No. 59) and set August 1, 2025 at 1:00 p.m. for a final hearing. At the final hearing no class members appeared and no objections were lodged, and the parties jointly requested final approval of the Settlement Agreement.

For the reasons stated on the record and in this Final Order and Judgment, the motion for final approval is **GRANTED.** Based upon the entire record, the Court makes the following findings of fact and conclusions of law:

1. Plaintiffs allege that Defendant failed to safeguard and protect the personally

1

identifiable information and/or protected health information of its patients and that this alleged failure caused injuries to Plaintiffs and the Class.

2. On October 9, 2024, the Court entered an Order which among other things: (a) approved the Notice to the Class, including approval of the form and manner of notice under the Notice Program set forth in the Settlement Agreement; (b) provisionally certified a class in this matter for settlement purposes only, including defining the class, appointed Plaintiffs as the Class Representatives, and appointed Class Counsel; (c) preliminarily approved the Settlement; (d); set deadlines for opt-outs and objections; (e) approved and appointed the Settlement Administrator; and (f) set the date for the Final Fairness Hearing. (Doc. No. 59).

3. Pursuant to Rule 23(b)(3) and 23(e), for settlement purposes only, the Court certified the Class, defined as follows:

> All persons residing in the United States who were sent a Notice Letter notifying them that their Private Information was included in the Data Incident.

(Doc. No. 59).

4. The Settlement Agreement provides, in part, as follows:

    a. A process for Class Members to submit Valid Claims for compensation that will be evaluated by the Settlement Administrator, mutually agreed upon by Class Counsel and Defendant.

    b. A process for Class Members to submit claims for Credit Monitoring and Identity Theft Restoration Services.

    c. Defendant to pay all Costs of Settlement Administration and Notice to the Class.

    d. Defendant to pay a Court-approved amount for attorneys' fees, costs, and expenses of Settlement Class Counsel of $220,000.

    e. Defendant to pay a Service Award of $2,000 to each of the named Plaintiffs.

5. The Court finds that the terms of the Settlement Agreement are fair, reasonable,

and adequate and are hereby approved, adopted, and incorporated by the Court. The Court further finds that the Settlement Agreement meets the requirement of Federal Rule of Civil Procedure 23. The Parties, their respective attorneys, and the Settlement Administrator are hereby directed to consummate the Settlement in accordance with this Order and the terms of the Settlement Agreement.

6. Notice of the Final Fairness Hearing has been provided to Class Members as directed by this Court order, and an affidavit or declaration of the Settlement Administrator's compliance with the Notice Program has been filed with the Court. (Doc. No. 64).

7. The Court finds that such Notice constitutes the best possible notice practicable under the circumstances and constitutes valid, due, and sufficient notice to all Class Members in compliance with the requirements of Rule 23(c)(2). The Court further finds that the notice program was reasonably calculated to, and did, provide due and sufficient notice to the Class of the pendency of the Action, certification of the Class for settlement purposes only, the existence and terms of the Settlement Agreement, and their rights to object to and appear at the Final Fairness Hearing or to exclude themselves from the Settlement, and satisfied the requirements of the Federal Rules of Civil Procedure, the United States Constitution, and all other applicable law.

8. The Court incorporates its preliminary conclusions to satisfy Federal Rules of Civil Procedure 23(a) and (b)(3) as set forth in the Preliminary Approval Order. (Doc No. 59). The Court notes that because this certification of the Class is in connection with the Settlement Agreement rather than litigation, the Court need not address any issues of manageability that may be presented by certification of the Class in the Settlement Agreement.

9. No exclusions were filed by any Class Members.

10. No objections were filed by any Class Members.

11. Pursuant to the Settlement Agreement, Class Counsel, Defendant, and the Settlement Administrator shall implement the Settlement in the manner and time frame as set forth therein. Pursuant to the Settlement Agreement, Plaintiffs and the Class Members are deemed to have completely and unconditionally released, forever discharged, and acquitted Defendant and its Related Entities ("Released Parties") from all Released Claims, including Unknown Claims, as set forth and defined in the Settlement Agreement. Plaintiffs and Class Members are further barred and permanently enjoined from asserting, instituting, or prosecuting, either directly or indirectly, the Released Claims. The full terms of the Releases described herein are set forth fully in Paragraphs 1.28–.30 and 1.41 of the Settlement Agreement, (Doc. No. 58-2) and the Releases are hereby approved.

12. Released Claims shall not include the right of any Class Member or the Released Parties to enforce the terms of the Settlement contained in this Settlement Agreement.

13. Upon the Effective Date, each Class Member who has not timely and validly excluded himself or herself from the Settlement, including Plaintiffs, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims as against all Released Parties. Further, upon the Effective Date, and to the fullest extent permitted by law, each Class Member who has not timely and validly excluded himself or herself from the Settlement, including Plaintiffs, shall, either directly, indirectly, representatively, as a member of or on behalf of the general public or in any capacity, be permanently barred and enjoined from commencing, prosecuting, or participating in any recovery in any action in this or any other forum (other

than participation in the settlement as provided herein) in which any of the Released Claims is asserted.

14. Upon the Effective Date, Defendant shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged Plaintiffs, each and all of the Class Members, Proposed Class Counsel and Plaintiffs' Counsel, of all claims, including Unknown Claims, based upon or arising out of the institution, prosecution, assertion, settlement, or resolution of the Litigation or the Released Claims. Any other claims or defenses Defendant may have against such Persons including, without limitation, any claims based upon or arising out of any retail, banking, debtor-creditor, contractual, or other business relationship with such Persons that are not based upon or do not arise out of the institution, prosecution, assertion, settlement, or resolution of the Litigation or the Released Claims are specifically preserved and shall not be affected by the preceding sentence. The matter is hereby dismissed with prejudice and without costs except that the Court reserves jurisdiction over the consummation and enforcement of the Settlement.

15. The Court grants final approval to appoint Kerry Hodge, Jessica Cannon, Jolanda King, Don McGee, and Michael Epperson as Class Representatives. The Court concludes that the Class Representative has fairly and adequately represented the Class and will continue to do so.

16. The Court grants final approval to the appointment of Lisa A. White and Gary E. Mason of Mason LLP, Ken Grunfeld of Kopelowitz Ostrow Ferguson Weiselberg Gilbert, and Kevin Laukaitis of Laukaitis Law LLC as Class Counsel. The Court concludes that Class Counsel have adequately represented the Class and will continue to do so.

17. This Final Order and Judgment and the Settlement Agreement, and all acts, statements, documents, or proceedings relating to the Settlement Agreement are not, and shall not be construed as, used as, or deemed to be evidence of, an admission by or against Defendant of any claim, any fact alleged in the Litigation, any fault, any wrongdoing, any violation of law, or any liability of any kind on the part of Defendant's or of the validity or certifiability for litigation of any claims that have been, or could have been, asserted in the litigation. This Final Order and Judgment, the Settlement Agreement, and all acts, statements, documents, or proceedings relating to the Settlement Agreement shall not be offered or received or be admissible in evidence in any action or proceeding, or be used in any way as an admission or concession or evidence of any liability or wrongdoing of any nature or that Plaintiffs, any Class Member, or any other person has suffered any damage; provided, however, that the Settlement Agreement and this Order may be filed in any action by Defendant, Class Counsel, or Class Members seeking to enforce the Settlement Agreement or the Order (including, but not limited to, enforcing the releases contained herein). The Settlement Agreement and Order shall not be construed or be deemed admissible as an admission by Defendant that Plaintiffs' claims or any claims that were or could have been asserted in the Litigation are suitable for class treatment or any other Litigation purpose. The Settlement Agreement's terms shall be forever binding on, and shall have res judicata, collateral estoppel, and all other preclusive effect in all pending and future causes of action, claims for relief, suits, demands, petitions, lawsuits, or other challenges or proceedings as to Released Claims and other prohibitions set forth in this Order that are maintained by, or on behalf of, any Class Member or any other person subject to the provisions of this Order.

18. If the Effective Date does not occur for any reason, this Order and the Preliminary Approval Order shall be deemed vacated, and shall have no force and effect whatsoever; the Settlement Agreement shall be considered null and void; all of the Parties' obligations under the Settlement Agreement, the Preliminary Approval Order, and this Order and the terms and provisions of the Settlement Agreement shall have no further force and effect with respect to the Parties and shall not be used in the Litigation or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of the Settlement Agreement shall be treated as vacated *nunc pro tunc*, and the Parties shall be restored to their respective positions in the Litigation, as if the Parties never entered into the Settlement Agreement (without prejudice to any of the Parties' respective positions on the issue of class certification or any other issue). In such event, the Parties will jointly request that all scheduled Litigation deadlines be reasonably extended by the Court so as to avoid prejudice to any Party or Party's counsel.

19. Without affecting the finality of this Order, the Court will retain jurisdiction over the subject matter and the Parties with respect to the interpretation and implementation of the Settlement Agreement for all purposes.

20. In accordance with Federal Rule of Civil Procedure 23, this Final Order resolves all claims against all parties in this Action.

21. This is a final order. The Clerk is directed to close this case.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE